UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARGARET MUSOKE, an individual | ) No. |
| Plaintiff, | ) **COMPLAINT FOR DAMAGES** |
| vs. | ) (Jury Trial Demanded) |
| KEYBANK NATIONAL ASSOCIATION, a corporation, and DOES 1-5, inclusive, | ) |
| Defendants. | ) |

## INTRODUCTION

1. This is an action for damages pursuant to the Washington Law Against Discrimination and Title VII of the Civil Rights Act of 1964 as amended in 1991 to redress unlawful employment practices by defendant KeyBank National Association, Inc. (hereinafter "KeyBank") which, through its agents and management employees and its disregard for the rights of plaintiff Margaret Musoke to earn a living, has caused plaintiff to suffer deprivations of her civil and constitutional rights as well as emotional distress.

Defendants' actions and omissions constitute violations of both Washington and federal law, including the Washington Law Against Discrimination ("WLAD"), the Washington Family Leave Act ("WFLA"), the Federal Family Medical Leave Act ("FMLA"), Title VII, and public policy.

## JURISDICTION

2. The jurisdiction of this Court over this Complaint is invoked pursuant to the provisions of 28 U.S.C. §§ 1331(a) and 1343(1), (2), (3), and (4); and the provisions of 42 U.S.C. §§ 1981, 1988, and 2000e.

3. This Court has supplemental jurisdiction over the state claims by virtue of the fact that they arise out of the same transactions or series of transactions as do the claims alleged herein under federal and constitutional law.

## VENUE

4. The unlawful employment practices alleged herein were committed in Bothell and Silver Lake, Washington within the geographical boundaries of the Western District of Washington. This is thus the appropriate forum for this matter pursuant to 28 U.S.C. § 1391 and 42 U.S.C § 2000e.

## PARTIES

5. Plaintiff Margaret Musoke is an African-American adult female citizen of the United States and a resident of the State of Washington.

6. Defendant KeyBank is now, and at all times mentioned herein was, a company existing under the laws of the State of Washington and doing business within the state. KeyBank operates facilities in Bothell and Silver Lake, Washington where plaintiff

COMPLAINT FOR DAMAGES - 2

was employed. KeyBank regularly employs more than 15 people and is defined as an employer under both the WLAD and Title VII.

7. The true names and/or capacities, whether individual, corporate, associate or otherwise, of defendants Does 1 through 5 are unknown to plaintiff, who therefore sues said defendants by such fictitious names and will ask leave to amend this Complaint to show their true names and capacities when the same have been ascertained. Plaintiff is informed and believes and thereon alleges that Doe defendants are Washington residents and are responsible in some manner for the events and happenings referred to and thereby proximately caused damages to plaintiff as herein alleged.

8. Each defendant is, and at all times herein mentioned was, an agent of the other and acting within the course and scope of that agency in causing the harm as herein alleged.

## ADMINISTRATIVE PROCEDURE

9. Plaintiff also complied with the statutory requirements for maintaining an action under Title VII and has received right-to-sue letters under the Act. Plaintiff's Complaint is filed within the statutory time limits of the right-to-sue letter she received on May 8, 2012.

## STATEMENT OF FACTS

10. Plaintiff Margaret Musoke, an African-American adult female from Uganda, started her employment with defendant KeyBank as a Sales Manager from May 26, 1998 to August 23, 2000 at an annual salary of $48,000.

11. Plaintiff was rehired by KeyBank on March 1, 2004 as a Business Banking Relationship Manager. Her last position was Branch Manager, a senior position, at KeyBank's Silver Lake branch at an annual salary of $68,000.

12. Plaintiff's son has autism, and his behavior is unpredictable and occasionally very disruptive. His autism presently has no cure, and his medical condition requires constant care which compelled plaintiff to request medical leave pursuant to state and federal law in November of 2009 and January of 2010.

13. In or about November 2008, KeyBank's Area Retail Leader, Darcy Burns Jelcz, began to treat plaintiff differently, including repeatedly transferring plaintiff's well-trained staff to other branches and replacing them with staff on Performance Improvement Plans ("PIP").

14. Jelcz kept plaintiff's established performance goals at the same level as when plaintiff had competently trained her staff to achieve them. Jelcz also refused to adjust sales goals and expectations for plaintiff while she was on FMLA as stated in company policy. While plaintiff was on FMLA leave, Jelcz continued to write her up for sales activities, including missed sales teleconferences, and for inappropriate branch staffing and payroll issues. Jelcz also acted to undermine plaintiff's authority among her staff and customers by bypassing plaintiff to give them information directly without informing plaintiff.

15. Jelcz ignored plaintiff's requests for financial and other information plaintiff needed to perform her job duties. Jelcz denied plaintiff's annual performance raises which she earned for meeting expectations in 2008 and exceeding expectations in 2009. Jelcz also refused to award plaintiff with her first- and second-quarter 2010 recognition and monetary incentives for Silver Lake. Since bringing this complaint of racial discrimination, plaintiff

COMPLAINT FOR DAMAGES - 4

was denied attendance from July to December 2009 to the entire District's quarterly recognition (Top Performers Luncheon) of her small branch (Bothell)'s achieving outstanding results compared to medium- and larger-sized branches. Plaintiff was again denied attendance to recognition programs from January to June 2010 for plaintiff's medium-sized branch (Silver Lake)'s exceeding goals in comparison to large branches managed by Caucasians. Jelcz and her supervisor John Roehm kept changing the annual criteria when plaintiff exceeded her goals.  Caucasians with less achievement were permitted these events and later promoted.

16. On July 27, 2009, plaintiff complained about the unfair, racially discriminatory treatment she was receiving from Jelcz.

17. Plaintiff complained about Jelcz's discriminatory treatment again on September 10, 2009. Plaintiff was then subjected to retaliatory treatment by defendants in the form of unwarranted disciplinary actions and was then placed on unwarranted PIPs.

18. On November 3, 2009, defendants subjected plaintiff, who was then the KeyCenter Manager at the North Creek Branch in Bothell, to an unwarranted Second Level PIP for attendance problems. Plaintiff was not placed on First Level PIP, but was placed on Second Level PIP directly. Plaintiff notified Jelcz that she had to take FMLA leave to attend to her son's disability.

19. That same evening plaintiff telephoned Jelcz after work to request leave because she was suffering from a panic attack. Jelcz replied that, if plaintiff took time off, Jelcz would report it to HR and she could get terminated.

COMPLAINT FOR DAMAGES - 5

Premier Law Group, PLLC
3380 146th Place SE, Ste 430
Bellevue, WA 98007
(206) 285-1743/Fax (206) 599-6316

20. On November 4, 2009, plaintiff informed defendants that she would be out and using one day of FMLA. However, Carolyn Nedredd from the HR department called plaintiff to come into work and meet with Jelcz's supervisor, John Roehm.

21. Plaintiff was on FMLA leave from November 4, 2009 through January 14, 2010, during which time she was written up for poor attendance.

22. On November 5, 2009, defendants filed an incident report regarding plaintiff's work.

23. On November 6, 2009, plaintiff received from defendants an Exit Agreement letter, representing defendants' attempt to force her to quit.

24. On January 14, 2010, defendants placed plaintiff on an unwarranted extended Final PIP until May 10, 2010. On the same day, plaintiff received from defendants another Exit Agreement letter, again asking her to resign.

25. On February 28, 2010, plaintiff received from defendants yet another Exit Agreement letter.

26. Defendants terminated plaintiff on June 25, 2010.

27. Plaintiff suffered emotional distress because of the aforementioned incidents and treatment. (Racial and Ethnic Discrimination in Violation of the WLAD). In addition plaintiff's autistic son was placed in a State institution as a result of plaintiff's mental condition which affected her ability to properly care for him. Jelcz and Nedredd ignored the doctor's request permitting a peaceful FMLA period during December 2009 to enable plaintiff to care for her son. Instead, Jeclz denied plaintiff her payroll for Christmas and wrote her up for not submitting a time sheet when she was on FMLA leave. Nedredd

COMPLIANT FOR DAMAGES - 6

Premier Law Group, PLLC
3380 146th Place SE, Ste 430
Bellevue, WA 98007
(206) 285-1743/Fax (206) 599-6316

ignored the screams of an autistic child at home as she demanded that plaintiff come into work while on FMLA leave.

## FIRST CAUSE OF ACTION

(Racial and Ethnic Discrimination in Violation of the WLAD)

28. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 27 with the same force and effect as if such paragraphs were separately realleged in this First Cause of Action.

29. Plaintiff is an African-American adult female from Uganda and a member of a protected class; and she performed satisfactory work during her employment at KeyBank. However, defendants treated plaintiff differently from its other workers who were not of her race, color and/or ethnicity.

30. Defendants improperly disciplined, harassed, and terminated plaintiff because of her race, color and/or ethnicity, as an African-American from Uganda, and her sex, female, and/or a combination thereof, in violation of the Washington Law Against Discrimination ("WLAD") and Title VII.

31. As a proximate result of defendants' discriminatory action against plaintiff, as alleged above, plaintiff has been harmed in that she has suffered a loss of wages, salary, benefits, and additional remuneration plaintiff would have received if she had continued her employment at KeyBank, plus interest on each paycheck she would have received.

32. As a result of such discrimination and consequential harm, plaintiff has suffered such damages in an amount according to proof at trial.

33. As a further proximate result of defendants' discriminatory actions against plaintiff, as alleged above, plaintiff has been harmed in that she has suffered the intangible

COMPLAINT FOR DAMAGES - 7

loss of such employment-related opportunities as would have been available to her such as stock options, 401k, bonuses, employee stock purchasing plan and career advancement. As a result of such discrimination and consequent harm, plaintiff has suffered such damages in an amount according to proof at trial.

34. As a further proximate result of defendants' discriminatory actions against plaintiff, as alleged above, plaintiff has been harmed in that she has suffered humiliation, mental anguish, anxiety, mortification, loss of good health and emotional and physical distress, all to her damage in an amount according to proof at trial.

## SECOND CAUSE OF ACTION

(Retaliation Discrimination)

35. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 34 with the same force and effect as if such paragraphs were separately realleged in this Second Cause of Action.

36. Defendants disciplined and then terminated plaintiff in retaliation for her complaining about acts and practices that she reasonably believed were discriminatory in violation of the WLAD, Title VII, and Section 1981.

37. As a proximate result of defendants' discriminatory actions against plaintiff, as alleged above, plaintiff has been harmed in that she has suffered a loss of wages, salary, benefits, and additional remuneration plaintiff would have received if she had continued her employment at KeyBank, plus interest on each check plaintiff would have received.

38. As a result of such discrimination and consequent harm, plaintiff has suffered such damages in an amount according to proof at trial.

39. As a further proximate result of defendants' discriminatory actions against plaintiff, as alleged above, plaintiff has been harmed in that she has suffered the intangible loss of such employment-related opportunities as would have been available to her such as stock options, pension benefits, profit-sharing and career advancement. As a result of such discrimination and consequent harm, plaintiff has suffered such damages in an amount according to proof at trial.

40. As a further proximate result of defendants' discriminatory actions against plaintiff, as alleged above, plaintiff has been harmed in that she has suffered humiliation, mental anguish, anxiety, mortification, loss of good health and emotional and physical distress, all to her damage in an amount according to proof at trial.

41. The above-cited actions of defendants were done with malice, fraud, and/or oppression, and in reckless disregard of plaintiff's rights under Title VII and Section 1981. Defendants retaliated against plaintiff with knowledge that such treatment would cause hardship to plaintiff and cause her to suffer emotional distress. An award of punitive damages is warranted

### THIRD CAUSE OF ACTION

(Interference with Federal FMLA Rights)

42. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 41 with the same force and effect as if such paragraphs were separately realleged in this Third Cause of Action.

43. Defendants' conduct amounted to interference with plaintiff's right to invoke the Family and Medical Leave Act ("FMLA") and not be penalized for it.

Premier Law Group, PLLC
3380 146th Place SE, Ste 430
Bellevue, WA 98007
(206) 285-1743/Fax (206) 599-6316

44.  Plaintiff has suffered damages by reason of her termination while taking protected FMLA leave, including lost income and benefits and loss of future income and benefits, further damage to her career, reputation, and future employment opportunities. Plaintiff has also suffered other consequential damages, including emotional distress and suffering, humiliation and anxiety, and further additional damages in an amount according to proof at trial.

### FOURTH CAUSE OF ACTION

(Discrimination for Requesting FMLA Rights under Federal Law)

45.  Plaintiff realleges and incorporates by reference herein paragraphs 1 through 44 with the same force and effect as if such paragraphs were separately realleged in this Fourth Cause of Action.

46.  Defendants' conduct amounted to retaliation against plaintiff for exercising or attempting to exercise her right to take FMLA and not be penalized for it. Defendant also violated plaintiff's right to return to her position after taking FMLA leave.

47.  Plaintiff has suffered damages by reason of the discrimination against her, including lost income and benefits and loss of future income and benefits, further damage to her career, reputation, and future employment opportunities. Plaintiff has also suffered other consequential damages, including emotional distress and suffering, humiliation and anxiety, and further additional damages in an amount according to proof at trial.

### FIFTH CAUSE OF ACTION

(Wrongful Discharge in Violation of Washington Public Policy)

48. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 47 with the same force and effect as if such paragraphs were separately realleged in this Fifth Cause of Action.

49. Defendants chose to terminate plaintiff because of her race, color and/or ethnicity and in retaliation for her complaining about her employer's discriminatory conduct.

50. The acts described in this Complaint committed by defendants are in violation of Washington's public policy against race, ethnic and sex discrimination and retaliation in the workplace.

51. As a direct and proximate result of the acts of defendants, plaintiff sustained economic and non-economic damages, including, without limitation: mental suffering, embarrassment, emotional distress, emotional trauma, and other mental pain and suffering; and other damages, which said damages will be proven at trial.

52. At no time did plaintiff consent or acquiesce to any of defendants' acts alleged above.

## SIXTH CAUSE OF ACTION

(Interference with Washington FLA Rights)

53. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 52 with the same force and effect as if such paragraphs were separately realleged in this Sixth Cause of Action.

54. Defendants' conduct amounted to interference with plaintiff's right to take Family Leave Act leave under Washington law and not be penalized for it.

55. Plaintiff has suffered damages by reason of the discrimination against her, including lost income and benefits and loss of future income and benefits, further damage to her career, reputation, and future employment opportunities. Plaintiff has also suffered other consequential damages, including emotional distress and suffering, humiliation and anxiety, and further additional damages in an amount according to proof at trial.

### SEVENTH CAUSE OF ACTION

(Discrimination for Requesting WFLA Rights)

56. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 55 with the same force and effect as if such paragraphs were separately realleged in this Seventh Cause of Action.

57. Defendants' conduct amounted to retaliation against plaintiff for exercising or attempting to exercise her right to take leave under the Washington Family Leave Act ("WFLA") and not be penalized for it. Defendants also violated plaintiff's right to return to her position after taking WFLA leave.

58. Plaintiff has suffered damages by reason of the discrimination against her, including lost income and benefits and loss of future income and benefits, further damage to her career, reputation, and future employment opportunities. Plaintiff has also suffered other consequential damages, including emotional distress and suffering, humiliation and anxiety, and further additional damages in an amount according to proof at trial.

### PRAYER

WHEREFORE, plaintiff Margaret Musoke respectfully prays that this Court enter judgment against defendants, granting plaintiff:

A. A declaratory judgment that the acts, policies, and practices of defendants, as complained of herein, violated the rights of plaintiff as secured by the WLAD, Title VII, 42 U.S.C. § 1981, WFLA, FMLA, and public policy;

B. Reinstatement;

C. General Damages according to proof at trial against defendants;

D. Punitive damages according to proof at trial against defendants; and

E. Plaintiff's costs of suit, including statutory attorney's fees, and for such further relief as this Court deems appropriate.

Dated: July 3, 2012

PREMIER LAW GROUP PLLC

*/s/ Darryl Parker*

Darryl Parker, Bar No. 30770
Attorney for Plaintiff
Premier Law Group PLLC
3380 146th Place S.E. Ste. 430
Bellevue, WA 98007
(206) 285-1743
Darryl@plg-pllc.com