1
2
3

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARGARET MUSOKE,<br><br>                    Plaintiff,<br><br>     v.<br><br>KEYBANK NATIONAL ASSOCIATION, et al.,<br><br>                    Defendants. | C12-1153 TSZ<br><br>MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1)     Defendants' motion for summary judgment, docket no. 29, and motion to dismiss, docket no. 32, are STRICKEN without prejudice to refiling as further explained below. The trial date of September 4, 2013, and the related deadlines set forth in the Minute Order entered on September 26, 2012, docket no. 7, are also STRICKEN.

(2)     Plaintiff is DIRECTED to appear for a deposition on a date and time agreed upon by plaintiff and defendants' attorney, provided that such deposition shall occur within thirty-five (35) days of the date of this Minute Order. Plaintiff shall cooperate in the scheduling of such deposition and shall cooperate in answering the questions posed by defendants' attorney. Defendants may depose plaintiff for a total of seven (7) hours, excluding lunch and other breaks. Any notice of deposition shall be served at least ten (10) days prior to the date of the deposition.

(3)     Within fourteen (14) days of the date of this Minute Order, plaintiff shall provide to defendants' attorney any and all documents responsive to defendants' discovery requests. Moreover, if plaintiff has not already done so, within fourteen (14) days of the date of this Minute Order, plaintiff shall serve, by mailing to defendants' attorney, her responses to defendants' interrogatories, requests for admission, and/or other written discovery requests.

MINUTE ORDER - 1

(4)     Within fourteen (14) days of the date of this Minute Order, Plaintiff shall file proof of service of her discovery responses, thereby indicating her compliance with Paragraph 3, above.

(5)     Plaintiff is ADVISED that, if she does not comply with Paragraphs 2, 3, and 4, above, the Court will dismiss this action with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to comply with the rules and order of the Court.  Plaintiff is REMINDED that she is held to the same standards as lawyers authorized to practice before this Court.  Plaintiff has an obligation to answer proper discovery requests, appear for deposition, and otherwise provide to defendants information concerning the nature and extent of her claims and damages.  Plaintiff's failure to disclose documents in response to defendants' discovery requests, failure to appear for her deposition on two separate occasions, and failure to participate in Court-ordered mediation constitute unacceptable breaches of the rules and orders of this Court.  Moreover, plaintiff has engaged in a pattern of agreeing to dates and schedules, only to renege later.  This behavior is inappropriate.  No further violations of the Court's rules and/or orders will be tolerated.

(6)     To the extent plaintiff is operating under a misimpression that she is entitled to counsel, plaintiff is ADVISED that, as a civil litigant, she has no such right.  To the extent plaintiff's submissions, docket nos. 34 and 37, seek appointment of counsel, such motion is DENIED.  If plaintiff wishes to have legal representation, she bears the responsibility for retaining a lawyer and arranging for counsel to appear on her behalf in this case.  No further continuances or extensions will be granted on the ground that plaintiff desires an attorney.

(7)     If plaintiff complies with Paragraphs 2, 3, and 4, above, and defendants thereafter wish to renew their motion for summary judgment, they may do so on or before August 15, 2013.  Plaintiff's response and any reply by defendants shall be due on the timing set forth in Local Civil Rule 7(d)(3).  Plaintiff is ADVISED that, in response to any motion for summary judgment, she must provide affidavits or declarations of herself and/or others, based on personal knowledge, setting forth facts that would be admissible in evidence, and that, to survive any motion for summary judgment, she must show either that a genuine dispute as to a material fact exists or that the movant is not entitled to judgment as a matter of law.  A letter like the one plaintiff previously submitted, docket no. 37, which is not sworn (not signed under penalty of perjury), and which contains no facts, but only accusations against defendants' attorney and other conclusory statements, will not suffice to defeat summary judgment.  Plaintiff is REMINDED that her claims are alleged against KeyBank National Association ("KeyBank"), and she is ADVISED that making disparaging comments about defendants' counsel serves no purpose and will not avoid summary judgment in KeyBank's favor on her claims.

(8)     If plaintiff fails to comply with Paragraphs 2, 3, and 4, above, defendants may renew their motion to dismiss.  They may do so after July 22, 2013, and on or before

MINUTE ORDER - 2

August 8, 2013, provided that they submit proof of service showing compliance with Paragraph 4 of the Minute Order entered March 14, 2013, docket no. 27, and provided that defendants' attorney has made all best efforts to schedule and conduct plaintiff's deposition.

(9) The Clerk is directed to send a copy of this Minute Order to all counsel of record and to plaintiff pro se.

Dated this 13th day of June, 2013.

William M. McCool
Clerk

s/Claudia Hawney
Deputy Clerk

MINUTE ORDER - 3