1
2
3
4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

5
6

MARGARET MUSOKE,

7

Plaintiff,

8

v.

C12-1153 TSZ

9

KEYBANK NATIONAL ASSOCIATION,
et al.,

ORDER

10
11

Defendants.

12    THIS MATTER comes before the Court on a motion to strike witnesses, docket

13  no. 94, and a motion to dismiss, docket no. 96, brought by defendant KeyBank National

14  Association ("KeyBank").  The Court has reviewed all papers filed since the pretrial

15  conference conducted on September 18, 2014, the minutes of which are reflected in the

16  Minute Order entered on September 26, 2014, docket no. 88, including:

17   • plaintiff's list of expert witnesses and diagnoses, docket no. 86;

18   • KeyBank's supplemental brief concerning the applicable statutes of limitations
        and request to dismiss plaintiff's claims under the Family and Medical Leave
19      Act ("FMLA") and Washington Family Leave Act ("WFLA") as time barred,
        docket no. 87;

20   • plaintiff's response regarding the statutes of limitations, docket no. 91;

21   • plaintiff's response to the September 26th Minute Order, containing various
22      medical record release forms, docket no. 92;

23

ORDER - 1

- plaintiff's witness contact list, docket no. 93; and

- the briefs and materials filed in support of the pending motions, docket nos. 94-97.

Having considered all of these materials, the Court enters the following order.

**Background**

When plaintiff Margaret Musoke initiated this action, she was represented by counsel. Her complaint contained seven causes of action, including claims of racial and ethnic discrimination and retaliation under federal and state law, claims of interference with FMLA and WFLA rights and discrimination for invoking such rights, and a claim of wrongful discharge in violation of Washington public policy. By Order dated March 11, 2014, docket no. 60, the Court granted KeyBank's motion for summary judgment in part and dismissed plaintiff's wrongful discharge claim. With regard to plaintiff's claims based on race, ethnicity, and FMLA/WFLA rights, the Court concluded that genuine disputes of material fact precluded summary judgment. _See_ Order at 5-6 (docket no. 60). KeyBank now contends that plaintiff's FMLA and WFLA claims should be dismissed as barred by the applicable two-year limitations period.

With regard to plaintiff's racial and ethnic discrimination and retaliation claims, KeyBank seeks dismissal as a sanction for plaintiff's vexatious behavior in this litigation. After plaintiff's first lawyer was permitted to withdraw, and before her second attorney appeared, the Court was required to intercede concerning a number of discovery matters, including plaintiff's violation of the numerical limits on discovery requests propounded to KeyBank, plaintiff's failure on two occasions to appear for her deposition, plaintiff's

1  failure to respond to KeyBank's discovery requests, and plaintiff's improper issuance of a

2  subpoena in an effort to obtain discovery from a party.  *See* Minute Orders (docket

3  nos. 27, 39, & 53).  Although plaintiff's first lawyer disclosed only 19 witnesses, none of

4  whom was described as an expert, *see* Plaintiff's Initial Disclosures, Ex. A to McDougald

5  Decl. (docket no. 95-1), and her second attorney narrowed the witness list down to eight

6  laypersons, including plaintiff, shortly before he was allowed to withdraw as counsel of

7  record, *see* McDougald Decl. at ¶ 20 (docket no. 95); KeyBank's Proposed Pretrial Order

8  (docket no. 79); *see also* Order (docket no. 76), at the pretrial conference, plaintiff, acting

9  pro se, for the first time identified 24 additional witnesses and indicated that she intends

10 to call experts, most of whom are treating physicians or counselors.  KeyBank has

11 moved to exclude such additional lay and expert witnesses as untimely and insufficiently

12 disclosed.

13 **Discussion**

14 **A.      FMLA and WFLA Claims**

15        The period of limitations for a claim under the FMLA is two years from the "date

16 of the last event constituting the alleged violation for which the action is brought," unless

17 the alleged violation is "willful," in which event the period of limitations is three years.

18 29 U.S.C. §§ 2617(c)(1) & (2).  Neither the United States Supreme Court nor the United

19 States Court of Appeals for the Ninth Circuit has yet addressed the meaning of "willful"

20 in the context of the FMLA.  Other circuits, however, have applied the standard for

21 willfulness that has been adopted in cases under the Fair Labor Standards Act ("FLSA").

22 *See Crugher v. Prelesnik*, 761 F.3d 610, 617 (6th Cir. 2014); *Bass v. Potter*, 522 F.3d

23

ORDER - 3

1098, 1103-04 (10th Cir. 2008); _Porter v. N.Y. Univ. Sch. of Law_, 392 F.3d 530, 531-32

(2d Cir. 2004); _Hanger v. Lake Cnty._, 390 F.3d 579, 583 (8th Cir. 2004); _Hillstrom v._

_Best W. TLC Hotel_, 354 F.3d 27, 33 (1st Cir. 2003); _see also_ _Branstetter v. Gen. Parts_

_Distrib., LLC_, 2013 WL 6780672 at *5 (D. Ore. Dec. 19, 2013); _Shulman v. Amazon.com,_

_Inc._, 2013 WL 2403256 at *2 (W.D. Wash. May 30, 2013).

   The FMLA and FLSA use the term "willful" in similar ways, both setting forth a

longer period of limitations for "willful" violations of the statute, and Congress is

presumed to have known the meaning attributed to "willful" in the context of the FLSA

when it subsequently enacted the FMLA.  _Hillstrom_, 354 F.3d at 33-34.  Thus, for

purposes of determining the applicable limitations period for an FMLA claim, a "willful"

violation involves an "intentional" or "reckless" failure to comply with the FMLA.

_Crugher_, 761 F.3d at 617; _see also_ _McLaughlin v. Richland Shoe Co._, 486 U.S. 128, 135

n.13 (1988) (under the FLSA, "[i]f an employer acts unreasonably, but not recklessly, in

determining its legal obligation, then . . . it should not be . . . considered [willful] under

_Thurston_ or the identical standard we approve today" (citing _Trans World Airlines v._

_Thurston_, 469 U.S. 111 (1985))).  A plaintiff must do more than make a conclusory

assertion of willfulness; the plaintiff must plead facts that, accepted as true, render the

requisite state of mind "plausible on its face."  _Crugher_, 761 F.3d at 617; _see also_ _Bell_

_Atl. Corp. v. Twombly_, 550 U.S. 544, 570 (2007).

   The WFLA contains no explicit limitations period.  _See_ RCW Chapter 49.78.  The

WFLA does, however, indicate that the WFLA "must be construed to the extent possible

in a manner that is consistent with similar provisions, if any," of the FLMA, and that

ORDER - 4

1 "gives consideration to the rules, precedents, and practices of the federal department of

2 labor relevant to the federal act."  RCW 49.78.410.  Moreover, Washington law provides

3 that, in the absence of a specific limitation period, a cause of action must be commenced

4 within two years after it accrues.  RCW 4.16.130.

5       In this case, in her operative pleading, plaintiff makes no allegation of willfulness.

6 _See_ Complaint (docket no. 1).  Plaintiff's assertions of willfulness in her response to

7 KeyBank's request that her FMLA and WFLA claims be dismissed as time barred are

8 conclusory and unsupported by any recitation of facts that might plausibly illustrate the

9 requisite intent to violate or reckless disregard of the statutes at issue.  _See_ Plaintiff's

10 Response (docket no. 91).  Thus, the applicable limitations period is two years, not three

11 years.  Plaintiff commenced this action on July 5, 2012, _see_ Complaint, which was over

12 two years after the date of the last event constituting the alleged FMLA violation and

13 over two years after plaintiff's WFLA claim accrued, which was, for both purposes, when

14 plaintiff was terminated on June 25, 2010, _see_ Order at 3 (docket no. 60) (citing Exs. 16

15 & 17 to McDougald Decl. (docket no. 44-1)).  Plaintiff's FMLA and WFLA claims were

16 not timely brought and they are hereby DISMISSED with prejudice.

17 **B.**    **Claims Based on Race and Ethnicity**

18       Although KeyBank's counsel's frustration with plaintiff is understandable, the

19 Court is not satisfied that plaintiff's litigation behavior to date warrants the harsh sanction

20 of dismissing her remaining claims based on race and ethnicity.  Before invoking the

21 drastic measure of dismissal, the Court must consider the following factors:  (i) the

22 public's interest in expeditious resolution of litigation; (ii) the Court's need to manage its

23

ORDER - 5

docket; (iii) the risk of prejudice to defendants; (iv) the public policy favoring disposition of cases on their merits; and (v) the availability of less severe sanctions. *E.g.*, *In re EXXON VALDEZ*, 102 F.3d 429, 433 (9th Cir. 1996). The Court should also issue a warning in advance that continued noncompliance might result in dismissal. *Id.* In this case, although plaintiff has been reminded of her obligations to comply with the rules of this Court and the standards applicable to lawyers authorized to practice before this Court, *see* Minute Orders (docket nos. 27 & 39), plaintiff has not yet been put on notice that, as a result of her deficient conduct, dismissal was being contemplated as a sanction. The Court issues such warning now. **Plaintiff is hereby ADVISED that continued failure to cooperate with KeyBank's counsel in getting this matter ready for trial or any additional violation of the rules of this Court might result in dismissal of plaintiff's remaining claims pursuant to Federal Rules of Civil Procedure 11, 37, and/or 41(b).**

The Court is persuaded that, at this time, the public policy favoring disposition of cases on their merits and the availability of less severe sanctions outweigh any prejudice defendants have already suffered and the risk of prejudice to them in the future. Among the less severe sanctions the Court may impose, which the Court believes will alleviate any associated prejudice to KeyBank, is the exclusion of witnesses who were not timely disclosed. Having compared the initial disclosures prepared by plaintiff's first lawyer, Ex. A to McDougald Decl. (docket no. 95-1), with the proposed pretrial order containing plaintiff's second attorney's list of witnesses, as well as KeyBank's list of anticipated witnesses, docket no. 79, and plaintiff's witness contact list filed on October 22, 2014,

docket no. 93, the Court concludes that the following laypersons were not timely (or

adequately) disclosed as witnesses and will not be permitted to testify:

- Jennifer Koval
- Antoinette Harkess
- Penelope Troth
- Tori Scott
- Courtney Spaulding
- Lola Kelly
- Derrick Knowles
- Rohit Batra
- Anita Jain
- Sue Wood
- Patti Kashiwa
- Stellar Kim Caldwaller

- Runa Chitnis
- Lucia (Lucille) Glasper
- Zsuzsanna Larson
- Kristen Freden
- Carolyn (in consumer lending)
- Todd Crosby
- Holly Graff
- Christine Hadley
- Karen Stahl
- Jill Dahm
- Paul Schmidtbleicher
- Alice Musoke

In addition, the following individuals, whose names appeared in the initial

disclosures prepared by plaintiff's first attorney, were not listed on plaintiff's witness

contact list filed on October 22, 2014, and the Court concludes that plaintiff does not

intend to call them as witnesses:

- Sharon Ortiz
- Lindsey Hersey
- Eleanor Winkler
- Yolanda Jackson

- A. Luis Lucero, Jr.
- Mary Hammock
- William Benedict
- Laura Lindstrand

Finally, having compared plaintiff's response to KeyBank's Interrogatory No. 2,

which asked plaintiff to identify all medical professionals who were or still are treating

her for any injury she claimed was caused by KeyBank, *see* Ex. 4 to Plaintiff's Resp. to

Mtn. for Summary Judgment (docket no. 38-1), with plaintiff's list of expert witnesses

and diagnoses, docket no. 86, the Court is satisfied that KeyBank has had sufficient

notice that the following treatment providers might be called by plaintiff as witnesses:

ORDER - 7

1   (i) Thomas K. Hafford, M.D., (ii) Daniel E. Major, M.D., (iii) Tempe Evans, Psy.D.,

2   (iv) Brian Carlton, Ed.D., (v) Christine Daverio, LCSW, and (vi) Kimberly Collins, M.D.

3   Before plaintiff, however, will be permitted to call any of these treatment providers as

4   witnesses, plaintiff must provide to KeyBank executed consent forms for each treatment

5   provider, authorizing the release of all records possessed by such treatment provider.

6   Within fourteen (14) days of the date of this Order, plaintiff shall sign the consent forms

7   prepared by KeyBank's counsel without any modification or attempt to limit the scope of

8   records that may be released.  If plaintiff does not timely (*i.e.*, within 14 days) authorize

9   the release of records possessed by a particular treatment provider, such treatment

10  provider will not be allowed to testify at trial.  Moreover, none of plaintiffs' treatment

11  providers will be permitted to testify as "expert" witnesses about causation; they may

12  state a diagnosis based on plaintiff's symptoms and the results of any diagnostic

13  procedures, but they may not offer any opinion concerning the underlying cause of

14  plaintiff's symptoms and/or any injury, disease, disorder, and/or disability.

15          The Court concludes that the following treatment providers have not been timely

16  and/or adequately disclosed and will not be permitted to testify:

17      •   Dr. Jain, Community Health Center of Snohomish County
        •   Dr. Bhandari, Everett Eye Clinic
18      •   Children's Hospital

19  Dr. Jain was not listed in plaintiff's response to Interrogatory No. 2.  Although the

20  Everett Eye Clinic was disclosed in Interrogatory No. 2, Dr. Bhandari was not identified.

21  With regard to Children's Hospital, no medical professionals, no dates of treatment, and

22  no other meaningful details have been specified.

23

ORDER - 8

1    The Court will permit KeyBank to take depositions of witnesses identified in

2   plaintiff's witness contact list, docket no. 93, who have not been excluded by this Order

3   and who have not previously been deposed.  The Court will also permit KeyBank to take

4   depositions of the treatment providers who have been allowed as witnesses subject to

5   plaintiff's compliance with the requirement that she authorize the release of records.[1]

6   KeyBank is DIRECTED to file a status report on or before January 23, 2015, indicating

7   how much time is required for such additional discovery and when it believes this matter

8   will be ready for trial.  After reviewing such status report, the Court will set a trial date

9   and related deadlines.

10  **<u>Conclusion</u>**

11   For the foregoing reasons, the Court ORDERS:

12   (1)    Plaintiff's FMLA and WFLA claims are DISMISSED with prejudice as

13  time barred;

14   (2)    KeyBank's motion to strike witnesses, docket no. 94, is GRANTED in part

15  and DENIED in part;

16   (3)    KeyBank's motion to dismiss as a sanction for vexatious litigation conduct,

17  docket no. 96, is DENIED without prejudice;

18

19  ───────────────────

20  [1] The Court is allowing KeyBank to engage in further limited discovery to compensate for the
prejudice caused by plaintiff's late and inadequate disclosure of witnesses.  In contrast,
KeyBank's witnesses were timely identified, and plaintiff will not be allowed to initiate any
21  additional discovery.  Plaintiff may, of course, attend any depositions KeyBank might take
pursuant to this Order, and she may ask questions of the deponents after KeyBank's counsel has
22  completed his inquiries.

23

ORDER - 9

1  (4)  Within fourteen (14) days of the date of this Order, plaintiff shall deliver to

2  KeyBank's counsel executed consent forms authorizing the release of treatment provider

3  records;

4  (5)  On or before January 23, 2015, KeyBank shall file a status report indicating

5  how much time is required for additional discovery and when a trial can be scheduled on

6  the remaining claims of racial and ethnic discrimination and retaliation;

7  (6)  **Plaintiff is ADVISED that continued failure to cooperate with**

8  **KeyBank's counsel in getting this matter ready for trial or any additional violation**

9  **of the rules of this Court might result in dismissal of plaintiff's remaining claims**

10  **pursuant to Federal Rules of Civil Procedure 11, 37, and/or 41(b);** and

11  (7)  The Clerk is DIRECTED to send a copy of this Order to all counsel of

12  record and to plaintiff pro se.

13  IT IS SO ORDERED.

14  DATED this 12th day of December, 2014.

15

16

17  Thomas S. Zilly
    United States District Judge

18

19

20

21

22

23

ORDER - 10